UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TENNILE GRAY AND EDNA ROBINSON, <br><br> PLAINTIFFS <br><br> v. <br><br> VILLA DEL MAR AT MAINLAND CENTER, LLC, ADVANTAGE HOME CARE, INC., ONPOINTE MANAGEMENT, LLC AND JEREMY MARTIN, INDIVIDUALLY, <br><br> DEFENDANTS | § § § § § § § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 3:16-cv-225 |

## ORIGINAL COMPLAINT

COME NOW Plaintiffs Tennile Gray and Edna Robinson, by and through their undersigned attorney of record, and sue Defendants Villa Del Mar at Mainland Center, LLC, Advantage Home Care, Inc., OnPointe Management, LLC, and Jeremy Martin, Individually ("Defendants") and in support thereof would show unto this Honorable Court as follows:

### I. PRELIMINARY STATEMENT

1.1   This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA"). Tennile Gray worked for Defendants from December 2014 through June 2015 as a Licensed Vocational Nurse, or LVN. Edna Robinson worked for Defendants from September 2014 through June 2015 as an LVN. While both Plaintiffs were non-exempt, and both worked more than forty hours per week, neither received overtime premiums for hours worked over forty per week.

1.2     Plaintiffs bring this lawsuit to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3     During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay their employees, including Plaintiffs, for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendants Villa Del Mar at Mainland Center, LLC, Advantage Home Care, Inc., and OnPointe Management, LLC because these entities conduct business in Texas and have entered into relationships with Plaintiffs in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Southern District of Texas, Galveston Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiffs**

3.1     Plaintiffs Tennile Gray and Edna Robinson are individuals residing in Galveston County,

Texas.

**B.     Defendants**

3.2     Defendant Villa Del Mar at Mainland Center, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas and ostensibly maintains and operates its principal office in Tennessee.  Defendant was an employer of the Plaintiffs as defined by 29 U.S.C. §203(d).  Defendant can be served with process by serving its registered agent for service of process, Incorp. Services, Inc. at 815 Brazos, Suite 500, Austin, Texas 78701.

3.3     Defendant Advantage Home Care, Inc. is a New Mexico corporation doing business in Texas but does not maintain an agent for service of process in Texas.  Therefore, this Defendant may be served pursuant to Texas' Long-Arm Jurisdiction statutes, Texas Civil Practice and Remedies Code § 17.041 *et seq*., by serving the Secretary of State as agent for service of process for this Defendant.  The Secretary of State shall then immediately mail a copy of the process to Defendant at its home address:  4600 B Montgomery Blvd., Suite 20, Albuquerque, NM, 87109.

3.4     Defendant OnPointe Management, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas and ostensibly maintains and operates its principal office in Tennessee.  Defendant was an employer of the Plaintiffs as defined by 29 U.S.C. §203(d). Defendant can be served with process by serving its registered agent for service of process, Incorp. Services, Inc. at 815 Brazos, Suite 500, Austin, Texas 78701.

3.5     Defendant Jeremy Martin is an individual who resides in Albuquerque, New Mexico, and at all times relevant to this claim acted directly or indirectly in the interest of Defendant Villa Del Mar at Mainland Center, LLC, Advantage Home Care, Inc., and OnPointe Management, LLC in relation to Plaintiffs' employment and was substantially in control of the terms and conditions of Plaintiffs' work. Defendant Jeremy Martin was an employer of the Plaintiffs as defined by 29

U.S.C. §203(d).  Jeremy Martin may be served with process at 7021 Moon Glow Court NE, Albuquerque, New Mexico, 87111.

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendants Villa Del Mar at Mainland Center, LLC, Advantage Home Care, Inc., and OnPointe Management, LLC each had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants employed "employees", including Plaintiffs, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6     At all relevant times, Villa Del Mar at Mainland Center, LLC, Advantage Home Care, Inc., and OnPointe Management, LLC have each been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Plaintiffs were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants operate nursing home facilities in Texas, New Mexico, and Colorado.

5.2     Defendants employed Plaintiffs during the three-year period preceding the filing of this Complaint. Specifically, Tennile Gray was employed from December 2014 through June 2015. Edna Robinson was employed from September 2014 through June 2015.

5.3     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.4     Defendants maintained and exercised the power to hire, fire, and discipline Plaintiffs during their employment with Defendants.

5.5     Plaintiffs were required to comply with Defendants' policies and procedures in performing Plaintiffs' work during Plaintiffs' employment with Defendants.

5.6     Jeremy Martin independently exercised control over the work performed by Plaintiffs.

5.7     Jeremy Martin is responsible for running the day-to-day operations of Villa Del Mar at Mainland Center, LLC, Advantage Home Care, Inc., and OnPointe Management, LLC.

5.8     Jeremy Martin, acting directly in the interest of Villa Del Mar at Mainland Center, LLC, Advantage Home Care, Inc., and OnPointe Management, LLC, determined the wages to be paid to Plaintiffs.

5.9     Jeremy Martin, acting directly in the interest of Villa Del Mar at Mainland Center, LLC, Advantage Home Care, Inc., and OnPointe Management, LLC, determined the work to be performed by Plaintiffs and monitored and directed Plaintiffs' work on a regular basis.

5.10    Jeremy Martin, acting directly in the interest of Villa Del Mar at Mainland Center, LLC, Advantage Home Care, Inc., and OnPointe Management, LLC, determined the locations where Plaintiffs would work.

5.11     Jeremy Martin, acting directly in the interest of Villa Del Mar at Mainland Center, LLC, Advantage Home Care, Inc., and OnPointe Management, LLC, determined Plaintiffs' hours.

5.12     Jeremy Martin, acting directly in the interest of Villa Del Mar at Mainland Center, LLC, Advantage Home Care, Inc., and OnPointe Management, LLC, determined Plaintiffs' conditions of employment.

5.13     Jeremy Martin, acting directly in the interest of Villa Del Mar at Mainland Center, LLC, Advantage Home Care, Inc., and OnPointe Management, LLC, maintained employment records on Plaintiffs.

5.14     Jeremy Martin, acting directly in the interest of Villa Del Mar at Mainland Center, LLC, Advantage Home Care, Inc., and OnPointe Management, LLC, possessed and, in fact, exercised the power to hire, fire and discipline Plaintiffs.

5.15     Plaintiffs were non-exempt employees under the FLSA.

5.16     Defendants paid Plaintiffs a salary for all hours worked.

5.17     Plaintiffs normally worked in excess of forty hours per week.

5.18     Although Plaintiffs worked more than forty hours per week, Plaintiffs have not been compensated for any of their overtime hours.

### VI.     CAUSE OF ACTION:  VIOLATION OF THE FLSA

**Failure to Pay Overtime Wages**

6.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2      As non-exempt employees under the FLSA, if Plaintiffs worked over forty hours in a workweek, Plaintiffs were entitled to overtime pay for these hours.

6.3     Over the course of the relevant period, Plaintiffs routinely worked in excess of forty hours

per week. Even though Plaintiffs worked in excess of forty hours per week, Defendants failed to pay Plaintiffs overtime pay for any hours worked in excess of forty per week.

6.4 Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiffs overtime compensation for all hours worked over forty per workweek.

6.5 In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiffs.

6.6 No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiffs overtime compensation for hours worked over forty in a workweek.

6.7 Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation. Plaintiffs are entitled to liquidated damages for such conduct.

6.8 Plaintiffs seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Tennile Gray and Edna Robinson respectfully pray that Defendants Villa Del Mar at Mainland Center, LLC, Advantage Home Care, Inc., OnPointe Management, LLC and Jeremy Martin, Individually, be cited to appear, and that, upon trial of this matter, Plaintiffs recover the following against Defendants:

    a. Actual damages for the full amount of Plaintiffs' unpaid overtime compensation;

    b. Liquidated damages in an amount equal to Plaintiffs' unpaid overtime compensation;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEYS FOR PLAINTIFFS